**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TERRY REED,

                       Plaintiff,

    v.                                            No. 05-CV-1306
                                                    (FJS/DRH)

ROBERT F. McARDLE, Director of Correctional
Dental Services; DR. JOHN GIBSON, Dentist;
and DR. PAUL KULLMAN, Dentist,

                       Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

TERRY REED
Plaintiff Pro Se
No. 97-B-0929
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929

HON. ANDREW M. CUOMO              ROGER W. KINSEY, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Terry Reed ("Reed"), an inmate in the custody of the New York State

Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1983 alleging that defendants, three DOCS employees, violated his constitutional rights under the Eighth Amendment.[2]  Compl. (Docket No. 1).  Presently pending is Reed's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 and defendants' cross-motion for summary judgment.  Docket Nos. 19, 29.  For the following reasons, it is recommended that Reed's motion be denied and defendants' cross-motion be granted.

## I. Background

In 1997, Reed was diagnosed with periodontal disease.  Pl. Statement of Facts (Docket No. 19) at ¶ 7.  In September 2004, Reed was treated by defendant Gibson, a dentist, after complaining of pain in his gums and difficulty chewing food.  Compl. at ¶¶ 3-7; McArdle Aff. (Docket No. 29), Ex. A.  Reed requested either full or partial dentures but was advised by both Gibson and defendant Kullman, also a dentist, that all his remaining teeth would need to be extracted in order to fit him with dentures.  See McArdle Aff., Exs. B & C; Kullman Aff. (Docket No. 29) at ¶¶ 10-11.  Reed refused and wrote defendant McArdle, Director of Correctional Dental Services, complaining about defendants failure to provide him with dentures.  See Pl. Reply Mem. of Law (Docket No. 31) at Ex. B; McArdle Aff., Ex. E.  McArdle responded, stating that the treatment plan advised by Drs. Gibson and Kullman was proper and that Reed should follow their advice.  Id.  However, Reed continued to refuse to

---

[2] Reed also alleges that defendants' denial of proper dental care violated his rights under the Fourteenth Amendment.  See Compl. at 5.  However, even liberally construed, Reed's claims solely concern dental care, not any right protected by the Fourteenth Amendment, and this claims will, therefore, be addressed under the Eighth Amendment.

2

consent to having his remaining teeth extracted. See Reed Dep. (Docket No. 29) at 38. This action followed.

## II. Discussion

Reed asserts one cause of action against each defendant, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

### A. Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary

judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988). When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id.; see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).[3] However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Eighth Amendment

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required "but less than conduct undertaken for the very purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the

---

[3] Reed has filed at least seven other federal actions since 2000. See U.S. Party/Case Index (visited Jan. 3, 2007) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

4

risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)). An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, or the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Id. at 702. Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703. Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Here, it is unclear whether Reed's condition constitutes a serious medical need. However, even if Reed's condition is considered serious, his Eighth Amendment claim fails to show that defendants were deliberately indifferent.

Reed began receiving extensive dental care in 1997. See McArdle Aff., Ex. A. Shortly thereafter, Reed was informed that he suffered from periodontal disease. See Reed Dep. at 18; see also McArdle Aff., Ex. A. From 1998 until the present, Reed has been advised by DOCS dentists that he should have his teeth removed, but he has repeatedly refused.

See McArdle Aff., Ex. B.  When Reed requested dentures in 2004, he was again advised by DOCS dentists that due to the progressive nature of his periodontal disease, he must have all his teeth extracted to be fitted with dentures.  See McArdle Aff., Exs. A-C, E; see also McArdle Aff. at ¶¶ 6-9; Gibson Aff. (Docket No. 29) at ¶¶ 6-10; Pullman Aff. at ¶¶ 6-9.  However, Reed refused to allow defendants to extract his remaining teeth.  See Reed Dep. at 38; see also McArdle Aff., Ex. B.  Thus, Reed clearly received adequate dental treatment and his contention to the contrary is without merit. Moreover, to the extent that Reed argues that it was not necessary to have his teeth extracted in order to receive dentures, this is simply a disagreement over treatment methods and does not rise to the level of a constitutional claim.  See Chance, 143 F.3d at 703.

Therefore, defendants' motion on this ground should be granted and Reed's motion should be denied.

### C. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. Aiken,

236 F. Supp. 2d at 230.  Here, as discussed <u>supra</u>, accepting all of Reed's allegations as true, he has not shown that defendants violated his constitutional rights.

Therefore, in the alternative, defendants' cross-motion for summary judgment on this ground should be granted.

### III.  Conclusion[4]

For the reasons stated above, it is hereby

**RECOMMENDED** that:

    1. Reed's motion for partial summary judgment (Docket No. 19) be **DENIED**; and

    2. Defendants' cross-motion for summary judgment (Docket No. 29) be **GRANTED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  January 9, 2007
          Albany, New York

                                              United States Magistrate Judge

---

[4] Defendants also argue that Reed failed to exhaust his claims against Kullman and McArdle.  However, because Reed's Eighth Amendment claim is without merit, there is no need to decide the failure to exhaust argument.