UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY REED,

                              Plaintiff,

                    v.                              9:05-CV-1306
                                                          (FJS/DRH)

ROBERT F. MCARDLE, Director of Correctional
Dental Services; DR. JOHN GIBSON, Dentist; and
DR. PAUL KULLMAN, Dentist,

                              Defendants.

---

**APPEARANCES**                                      **OF COUNSEL**

**TERRY REED**
**97-B-0929**
Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                  ROGER W. KINSEY, AAG
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224-0341
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

       In a Report-Recommendation and Order dated January 9, 2007, Magistrate Judge Homer recommended that this Court grant Defendants' motion for summary judgment and deny Plaintiff's motion for partial summary judgment. *See* Dkt. No. 34. Plaintiff has filed objections to those recommendations. *See* Dkt. No. 35.

       Although it is somewhat difficult to discern the specific nature of Plaintiff's objections, it

appears that he is arguing that the Court should not grant Defendants' motion for summary judgment because, among other things, Drs. Gibson and Kullman failed to provide him with proper dental care, in that they refused to provide him with partial dentures. *See, generally*, Dkt. No. 35.[1]

The Court has reviewed the file in its entirety and finds that Plaintiff's objections are without merit. As Magistrate Judge Homer stated in his Report-Recommendation and Order, "mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. . . . Allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness." *See* Dkt. No. 34 at 5 (citations omitted). The record makes clear that Drs. Gibson and Kullman have not been deliberately indifferent to Plaintiff's dental needs; to the contrary, they have advised him that, due to the progressive nature of his periodontal disease, he needs to have all of his teeth extracted to be fitted with dentures. *See id.* at 5-6. Plaintiff has refused this treatment, which multiple dentists have recommended, because he insists that he only needs partial dentures. Such a disagreement about the proper treatment of his dental condition is insufficient to state a claim under § 1983. Therefore, the Court hereby

**ORDERS** that Magistrate Judge Homer's January 9, 2007 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY for the reasons stated therein**; and the Court further

---

[1] Plaintiff also asserts that he objects to the Magistrate Judge Homer's Report-Recommendation and Order in its entirety because Magistrate Judge Homer falsely stated that Plaintiff had filed at least seven other federal actions and because Magistrate Judge Homer is biased against him. There is nothing in the record to indicate that Magistrate Judge Homer is biased against Plaintiff, and it is clear that Plaintiff draws this conclusion because he disagrees with Magistrate Judge Homer's decisions. Moreover, the number of actions that Plaintiff has filed in federal court has no bearing on whether his claims in this action are viable.

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for partial summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment for Defendants and close this case.

**IT IS SO ORDERED.**

Dated: March 30, 2008
       Syracuse, New York

                                        _____
                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge